965 So.2d 765 (2007)
Steve PATTERSON, Appellant
v.
CITY OF BILOXI, Appellee.
No. 2006-CC-01624-COA.
Court of Appeals of Mississippi.
September 25, 2007.
Russell S. Gill, Shannon Adele Ladner, attorneys for appellant.
Gina Bardwell Tompkins, Biloxi, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS
¶ 1. This appeal stems from a series of events which led to the demotion of Steve Patterson from captain to lieutenant in the ranks at the City of Biloxi Police Department. Patterson now appeals his demotion. Finding no error, we affirm.
¶ 2. At the time he was demoted, Patterson had been employed with the Biloxi Police Department for fifteen years. He was a patrol captain and supervised sixteen officers on the 11 p.m. to 7:15 a.m. shift, also referred to as the midnight shift. On June 16, 2004 at 6:42 a.m., Captain Darrin Peterson attempted to contact Patterson to advise him that a readiness inspection would be conducted. A readiness inspection is an unannounced, unscheduled, command-directed inspection of the officers and their equipment. Patterson did not respond to Peterson's attempts to contact him. Another officer was contacted and relayed the message about the inspection to Patterson. Patterson refused to comply until he was directly ordered to do so by Major Charles Britt. *766 Patterson testified that he did not believe that Captain Peterson was authorized to inspect his shift because Peterson worked on a different shift and was not ranked above Patterson. Peterson arrived at approximately 7:04 a.m. to conduct the readiness inspection. Peterson asked why Patterson's shift was not ready. Patterson stated that he was not given notice that there would be an inspection and most or all of the shift had gone home. After being contacted by Major Britt, the inspection of some of Patterson's shift took place at approximately 7:30 a.m., after the shift had been released from duty.
¶ 3. For Patterson's failure to comply with the readiness inspection, Major Britt charged him with the following violations of law enforcement regulations: bringing discredit on the department or profession, failure to obey an order of a superior officer or deliberately evading the intent of such order, failure to cooperate with requests from other departmental employees, showing public disrespect to a superior and/or co-worker, and failure to conduct himself with appropriate dignity and professionalism. Based on these violations and others, Major Britt recommended a demotion. Patterson requested that a Board of Inquiry be held to determine the appropriateness of the charges against him. The hearing was held on August 27, 2004, and the Board concluded that the disciplinary charges were justified.

PROCEDURAL HISTORY
¶ 4. Patterson appealed the demotion to the Civil Service Commission of the City of Biloxi. A hearing was held, and the Commission affirmed the disciplinary action of the police department on May 12, 2005. The Commission found that Patterson's demotion was in good faith for cause and was not politically or religiously motivated. Patterson appealed the Commission's decision to the Circuit Court of Harrison County, Second Judicial District. On August 11, 2006, the circuit court affirmed the decision of the Commission.
¶ 5. Patterson now appeals the decision of the circuit court citing the following issues: (1) the circuit court erred in finding that the disciplinary action was made in good faith for cause and not due to any political or religious reasons, as it is not supported by substantial evidence and is arbitrary and capricious, and (2) the Commission erred in finding that Patterson failed to satisfy his burden of proof by either testimony or written materials. These issues will be discussed together as each addresses whether the Commission acted in good faith for cause.

STANDARD OF REVIEW
¶ 6. The civil service commission reviews the employment decisions of a city when a city has removed, suspended, demoted, or discharged a civil service employee. City of Laurel v. Brewer, 919 So.2d 217, 221(¶ 13) (Miss.Ct.App.2005). The commission can reverse a city's actions only if the termination was made for political reasons, religious reasons, and/or the termination was not made in good faith for cause. Miss.Code Ann. § 21-31-23 (Rev.2001). On appeal, the circuit court is charged with determining whether the act of the commission "was or was not made in good faith for cause." Id. This Court follows the same standard of review as the circuit court and evaluates whether the commission's ruling is supported by substantial evidence. City of Jackson v. Froshour, 530 So.2d 1348, 1355 (Miss. 1988).

DISCUSSION
¶ 7. Patterson argues that his demotion was not based on cause but rather was intended to serve as retaliation. Specifically, *767 he asserts that the demotion was retaliation for his statement during a pre-hearing conference on another disciplinary matter that his supervisors were "acting like idiots."
¶ 8. Prior to the June 16 incident, Patterson had been given several letters of counseling and letters of reprimand. According to Major Britt, these letters were the result of "Patterson's failure to comply with the regulations of the department and his obvious and blatant lack of respect of those appointed over him." In the various letters Patterson was cited for failure to follow instructions, chastising an officer in front of his peers and later becoming unprofessional in public while discussing the issue, making inappropriate comments towards command staff, unethical use of a service for personal gain, and other violations of departmental regulations. Patterson had also been suspended for ten days for lack of control and use of poor judgment during a high speed chase. At the pre-hearing conference for the high speed chase, Patterson made the comment that his supervisors were "acting like idiots." A separate personnel action was initiated for making this comment recommending that Patterson be demoted. The mayor reviewed the proposal and chose to suspend Patterson for thirty days without pay. At the time of the hearing of the June 16 incident, Patterson was employed in a probationary status due to the suspension.
¶ 9. We cannot find any evidence that Patterson's demotion was retaliatory. As the facts show, Patterson has had repeated conflicts with his supervisors and other officers. We agree with the Commission's statement that "standing alone the incident of June 10[sic], 2004, would not constitute a serious enough infraction of the Rules and Regulations to result in demotion; however, in light of the disciplinary history of Lieutenant Patterson, and the nature of the conduct which resulted in the previous disciplinary actions, . . . a fair decision was reached." We note that Patterson has received many commendations during his fifteen year tenure with the Biloxi Police Department. However, the unfortunate conflicts brought out in the hearing of this matter cannot be ignored. We find that substantial evidence existed to support the Commission's finding that Patterson's demotion was made in good faith for cause and was not based on political or religious reasons.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, SECOND JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.